opinion. Order upon the remittitur of the court of appeals allowed, declaring the judgment of that court the judgment in this court. 54 N. E. 665.

COLLINSON, Respondent, v. CITY OF NEW YORK, Appellant. (Supreme Court, Appellate Division, Second Department. October 3, 1899.) Action by Thomas Collinson, Sr., against the city of New York. No opinion. Judgment and order affirmed, with costs, on the authority of Keane v. Village of Waterford, 130 N. Y. 188, 29 N. E. 130. CULLEN and HATCH, JJ., dissent.

COOK, Respondent, v. WHITE, Appellant, et al. (Supreme Court, Appellate Division, Second Department. October 20, 1899.) Action by Sarah Cook against Joseph White, James Conroy, and others.

PER CURIAM. There is no necessity for the incorporation in the judgment of this court of the opinion delivered, unless the effect of the opinion is to limit or to qualify the judgment rendered by the court. This is not such a case. The verdict at trial term was directed. Therefore the case does not come within the constitutional provision forbidding the review of a unanimous determination of this court that the evidence was sufficient to support the verdict. If, on the whole case, there was any question that properly should have been submitted to the jury, the judgment will be reversed; and nothing contained in the opinion by us can in any way limit or increase the right of the appellant to such reversal. Motion to resettle judgment denied. See 60 N. Y. Supp. 153.

COON, Respondent, v. COON, Appellant. (Supreme Court, Appellate Division, Third Department. September 19, 1899.) Action by Jeannie Coon against Allison M. Coon. No opinion. Order modified, by striking therefrom the item of $180 for past expenses, on authority of Beadleston v. Beadleston, 103 N. Y. 402, 8 N. E. 735, and Winkemeier v. Winkemeier, 11 App. Div. 199, 42 N. Y. Supp. 586, and, as so modified, affirmed, without costs of this appeal.

COTTLE et al., Appellants, v. CITY OF BUFFALO et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. September 27, 1899.) Action by Octavius O. Cottle and another, as executors, etc., against the city of Buffalo, impleaded, etc. No opinion. Order reversed, without costs of the appeal to either party, and interlocutory judgment vacated.

CRAIN, Appellant, v. BRANNAN, Respondent. (Supreme Court, Appellate Division, Third Department. September 19, 1899.) Action by Alpheus A. Crain against Du Bois J. Brannan. No opinion. Judgment of the county court affirmed, with costs.

CROWLEY, Respondent, v. CROWLEY, Appellant. (Supreme Court, Appellate Division, Third Department. September 12, 1899.) Action by Nora Crowley against Michael Crowley. No opinion. Motion to dismiss appeal granted, unless within 20 days from the service of the order the appellant pays the allowance made by the order of July 22, 1899.

CROWLEY v. SAXTON. (Supreme Court, Appellate Division, First Department. October 20, 1899.) Action by John Crowley against Benjamin F. Saxton. No opinion. Motion granted, with $10 costs.

C. & C. ELECTRIC CO. v. SIRE. (Supreme Court, Appellate Division, First Department. November 10, 1899.) Action by the C. & C. Electric Company against Henry B. Sire. No opinion. Motion granted, with $10 costs.

DAHL, Appellant, v. NASSAU ELECTRIC R. CO., Respondent. (Supreme Court, Appellate Division. Second Department. October 3, 1899.) Action by Augusta Dahl against the Nassau Electric Railroad Company. No opinion. Order reversed, on argument, with $10 costs and disbursements to appellant to abide the event of the action.

DE CAMP, Appellant, v. BURNS et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. October 13, 1899.) Action by William S. De Camp, individually, etc., against Edward M. Burns and another. No opinion. Judgment and order affirmed, with costs. See 53 N. Y. Supp. 1035.

DESBECKER et al., Respondents, v. McFARLINE, Appellant. (Supreme Court, Appellate Division, Fourth Department. September 20, 1899.) Action by Benjamin Desbecker and others against James A. McFarline, as sheriff of Wyoming county. No opinion. Motion denied, with $10 costs. See 59 N. Y. Supp. 439.

DESBECKER et al., Respondents, v. WARTH, et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. October 13, 1899.) Action by Benjamin Desbecker and others against Appolonia Warth, individually and as executrix, etc., and others.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on condition that the plaintiffs' attorney stipulate in writing that the testimony of defendants' witnesses may be taken before a referee in Richmond county, after the close of plaintiffs' case, in accordance with the stipulation given in open court on the argument of the appeal herein. Order to be settled by Mr. Justice SMITH on two days' notice.

DEVLIN v. HINMAN. (Supreme Court, Appellate Division, Second Department. October 10, 1899.) Action by John Devlin against Mary E. Hinman.

PER CURIAM. Motion to resettle order granted, by striking therefrom reference to all papers except those contained in the printed record upon appeal. Motion for leave to appeal to the court of appeals upon the proposed resettled order denied, but leave granted to appeal from the order as now directed to be resettled.

DICKLER v. UNITED STATES GRAND LODGE. (Supreme Court, Appellate Division, First Department. October 13, 1899.) Action

by Rebecca Dickler against·the United States Grand Lodge, etc. No opinion. Motion granted, with $10 costs.

———

DIEHL, Appellant, v. S. LIEBMANN'S SONS BREWING CO., Respondent. (Supreme Court, Appellate Division, Second Department. October 3, 1899.) Action by John Diehl, as administrator, etc., of Ludwig Diehl, deceased, against the S. Liebmann's Sons Brewing Company. No opinion. Judgment and order affirmed, with costs.

———

DONNELLY v. CITY OF ROCHESTER. (Supreme Court, Appellate Division, Fourth Department. October 13, 1899.) Action by Patrick Donnelly, as administrator, etc., against the city of Rochester. No opinion. Motion for reargument denied, with $10 costs. Motion for leave to appeal to the court of appeals denied. See 58 N. Y. Supp. 1140.

———

DORR, Appellant, v. YORK et al., Respondents. (Supreme Court, Appellate Division, First Department. October 13, 1899.) Action by John H. Dorr against Bernard J. York and others. C. H. Hyde, for appellant. T. Farley, for respondents. No opinion. Order affirmed, with $10 costs and disbursements.

———

DRAKE, Respondent, v. CITY OF BUFFALO, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 4, 1899.) Action by Amanda M. Drake against the city of Buffalo. No opinion. Judgment and order affirmed, with costs.

———

DRAKE, Appellant, v. NEW YORK SUBURBAN WATER CO. et al., Respondents. (Supreme Court, Appellate Division, Second Department. October 10, 1899.) Action by John R. Drake against the New York Suburban Water Company and others. No opinion. Order reversed, and trial stayed, pending determination of proceedings to appraise plaintiff's interest in the property the subject of the suit, without costs to either party. See 55 N. Y. Supp. 225.

———

DRAPER, Respondent, v. DE LEON et al., Appellants. PITTSBURG REDUCTION CO., Respondent, v. SAME, Appellants. (Supreme Court, Appellate Term. October 4, 1899.) Actions by Ellis F. Draper and by the Pittsburg Reduction Company against Edwin W. De Leon and others. From judgments for plaintiffs, defendants appeal. Reversed. Benjamin Tuska and Felix H. Levy, for appellants. D. M. Porter, for respondent.

PER CURIAM. The decision of this court in the case of Reduction Co. v. De Leon (herewith handed down) 60 N. Y. Supp. 262, is controlling in the determination of these appeals. With the exception of the names of the plaintiffs and the amounts in suit, the facts are identical, and the principles of law involved the same. The judgments in these cases, therefore, must likewise be reversed. Judgments reversed, with costs to the appellants.

———

DUER v. HUNT. (Supreme Court, Appellate Division, First Department. October 13, 1899.) Action by James G. K. Duer, against Richard R. Hunt. No opinion. Motion granted. Questions to be settled on settlement of order. See 58 N. Y. Supp. 1140.

———

DUNN v. ANSORGE et al. (Supreme Court, Appellate Division, First Department, November 10, 1899.) Action by David Dunn against Mark P. Ansorge and another. No opinion. Motion granted, with $10 costs.

———

DURHAM, Appellant, v. BROOKLYN CROSSTOWN R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. October 20, 1899.) Action by Bartley Durham against the Brooklyn Crosstown Railroad Company. No opinion. Order modified, so as to direct that the complaint be dismissed, unless within 10 days plaintiff pays defendant the sum of $20 costs, and stipulates to try the cause·at the next trial term. No costs of this appeal to either party.

———

EHRHARD, Appellant, v. METROPOLITAN ST. RY. CO., Respondent. (Supreme Court, Appellate Division, First Department. October 13, 1899.) Action by Louis Ehrhard, as administrator, against the Metropolitan Street-Railway Company. C. G. Hubbell, for appellant. J. T. Little, Jr., for respondent. No opinion. Order affirmed, without costs.

———

ELEBACH, Respondent, v. WEED, Appellant. (Supreme Court, Appellate Term. October 4, 1899.) Action by Clarence S. Elebach against Samuel R. Weed. From a judgment for plaintiff, defendant appeals. Reversed. Crevey & Rogers, for appellant. Herbert C. Smith, for respondent.

PER CURIAM. We have concluded that justice would be best promoted by a retrial of the issues in this case, so that the proof of the value of the services of the plaintiff and of the consulting surgeon might be more clearly established. Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

MacLEAN, J. (concurring). The plaintiff is a physician and surgeon, and claimed for his own services as such $67, and disbursements $3, making $70, and for the services of one Dr. George W. Roberts, whom he called to assist him, $175. The patient was defendant's wife. The plaintiff charged for 15 visits and consultations of himself, and for 6 visits of Dr. Roberts; giving as a reason for charging for the visits of Dr. Roberts at a higher rate that, according to a custom obtaining in the profession, a physician called in consultation is to be paid at a much higher rate than he would be for the same services if the case were his own. It is not claimed or shown by evidence that the defendant knew or was advised of any such custom. The pleadings were oral. The answer was a general denial, and counterclaim for damages resulting from malpractice, $500. The injury treated was a fracture of Mrs. Weed's right elbow joint, or, as technically expressed by the surgical witnesses, "a fracture of the olecranon process of the ulna." Dr. Elebach was called in immediately after the accident, on Novem-